1
2
3
4
5
6
7
8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LARRY DOWNING,

11            Plaintiff,                    No. CIV S-07-1599 JAM EFB

12        vs.

13   ROBERT WANCHEK, CORNING         FINDINGS AND RECOMMENDATIONS
     TRUCK WASH,
14
              Defendants.
15   _____/

16        This case was referred to the undersigned pursuant to Local Rule 78-230(c)(19) for

17   hearing on plaintiff's motion for entry of default judgment.  On July 9, 2008, a hearing on the

18   motion was held, and Nathaniel Potratz appeared on behalf of plaintiff.  Defendant made no

19   appearance.  For the reasons that follow, and as stated on the record at the hearing, the court

20   recommends that plaintiff's application for entry of default judgment be denied.

21   **I.  BACKGROUND**

22        Plaintiff initiated this action on August 4, 2007, alleging causes of action for negligence,

23   products liability, and "premises liability" against the defendants.  Plaintiff alleges subject matter

24   jurisdiction pursuant to 28 U.S.C. § 1332(a).  On September 28, 2007, defendant Blue Beacon

25   was voluntarily dismissed from the action leaving Corning Truck Wash and Robert Wanchek the

26   only remaining defendants.

On June 5, 2008, the Clerk entered default against Robert Wanchek and Corning Truck Wash.  On that same date, plaintiff filed a motion for entry of default judgment against those defendants.

**II. DISCUSSION**

It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The court has determined that the application should be denied because the complaint that was served on defendant does not allege facts sufficient to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

It is the plaintiff's burden to establish the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

Here, plaintiff predicates jurisdiction on the diversity of the parties.  However, it is plaintiff's burden to establish that complete diversity exits.  Plaintiff alleges only that he "resid[es]" in Ohio, and that "Corning Truck Wash was, and is conducting substantial business in the State of California."  Compl., ¶¶ 3, 4.  Plaintiff also alleges that "Robert Wanchek was, and is conducting substantial business in the State of California, and was and is an individual residing in the State of California."  Compl., ¶ 5.

1   Plaintiff has not alleged that he is a citizen of Ohio, or that the remaining defendants are

2   citizens of states other than California.   Further, it is unclear from the allegations what kind of

3   entity defendant "Corning Car Wash" is for purposes of diversity.  Although he names it as a

4   separate defendant, he also seems to allege that it is the alter ego of Mr. Wanchek.  *See* Compl.,

5   ¶ 7 (alleging that defendants "were acting together and in concert, entering into agreements with

6   each other, and working as the principal, agent, employee, alter ego and/or representative of the

7   other remaining defendants and that each defendant was aware of the acts of the others . . . .").

8   For purposes of establishing diversity, plaintiff must allege more facts concerning the

9   type of business entity that "Corning Car Wash" is.  If it is a corporation, for example, plaintiff

10  must allege facts regarding its state of incorporation *and* the state where it has its principal place

11  of business.  28 U.S.C. § 1332(c)(1); *see also Indiana Hi-Rail Corp. v. Decatur Junction Ry.*, 37

12  F.3d 363, 366 (7th Cir. Ill. 1994) (failure to allege both state of incorporation and principal place

13  of business insufficient to establish diversity).  If it is a partnership or unincorporated

14  association, it is treated as a citizen of each state of which its members are citizens.  *See Carden*

15  *v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990).

16  Because the allegations in the complaint are insufficient to establish subject matter

17  jurisdiction, the court finds the complaint insufficient under the first *Eitel* factor.  Accordingly,

18  the court does not reach the remaining *Eitel* factors.

19  Plaintiff is free to amend the complaint, serve it on defendant(s), and if appropriate,

20  reapply for entry of default judgment.  Plaintiff is, however, admonished that an evidentiary

21  hearing regarding the alleged damages may be necessary in the event the litigation progresses to

22  that point.  It does not appear from the facts alleged in the complaint that the damages sought is a

23  liquidated amount.  Courts generally disfavor default judgments, especially those involving large

24  sums.  *See In Re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993).  "A judgment by default

25  may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or

26  capable of ascertainment from definite figures contained in the documentary evidence or in

1   detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* Inc., 722 F.2d

2   1319, 1323-24 (7th Cir. 1983).  Although affidavits or other documentary evidence may be

3   sufficient to evaluate the fairness of the amount requested, *Tamarin v. Adam Caterers, Inc.*, 13

4   F.3d 51, 54 (2d Cir. 1993), an evidentiary hearing is generally required where plaintiff seeks

5   unliquidated damages, as is the case here, where plaintiff requests one million dollars for pain

6   and suffering.  *See Dundee*, 722 F.2d at 1323-24.

7   **III. CONCLUSION**

8        In accordance with the foregoing, IT IS RECOMMENDED that plaintiff's motion for

9   entry of default judgment be denied without prejudice to renewal upon the filing and service of

10  an amended pleading that cures the deficiencies noted above.

11       These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

13  days after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16  shall be served and filed within ten (10) days after service of the objections.  The parties are

17  advised that failure to file objections within the specified time may waive the right to appeal the

18  District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

19  951 F.2d 1153, 1157 (9th Cir. 1991).

20  DATED:  August 12, 2008.

21

22  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

4