IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY DOWNING,

       Plaintiff,                No. CIV S-07-1599 JAM EFB

    vs.

ROBERT WANCHEK, CORNING      <u>ORDER AND FINDINGS &</u>
TRUCK WASH,                   <u>RECOMMENDATIONS</u>

       Defendants.

_____/

      Presently pending before this court is plaintiff's motion for default judgment filed August 12, 2008. The motion is referred to the undersigned pursuant to Local Rule 78-230(c)(19), and was submitted for decision on the papers by order filed August 29, 2008. For the reasons that follow, the court recommends that plaintiff's application for entry of default judgment be denied.

**I. BACKGROUND**

      Plaintiff filed his initial complaint on August 4, 2007, alleging causes of action for negligence, products liability, and "premises liability" against the defendants, based on injuries plaintiff sustained while using defendants' products to wash trucks at defendants' place of business. Plaintiff alleged subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship). On September 28, 2007, defendant Blue Beacon was voluntarily dismissed from this action, leaving Corning Truck Wash and Robert Wanchek the only remaining defendants.

1

1    This is plaintiff's second motion for default judgment.  This court recommended that

2    plaintiff's first motion be denied on the ground that plaintiff had failed to establish this court's

3    diversity jurisdiction and to articulate the business relationship between the remaining

4    defendants.[1]  The court also recommended that plaintiff be given leave to file an amended

5    complaint that clarified these matters.  Plaintiff filed his First Amended Complaint on July 9,

6    2008.  On August 12, 2008, plaintiff requested entry of default by the Clerk of Court and filed

7    the instant motion for default judgment.  On August 13, 2008, the Clerk entered default.

8    As discussed below, the amended complaint has cured the diversity jurisdictional

9    deficiencies but plaintiff has still not demonstrated that service of process has been completed.

10   Absent effective service of process in personam jurisdiction over the defendants is not

11   established and there can be no entry of default judgment.

12   **II.  DISCUSSION**

13   Plaintiff's First Amended Complaint sets forth the requisite allegations to establish this

14   court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Plaintiff sues defendant Robert

15   Wanchek both in his individual capacity and "doing business as" defendant Corning Truck

16   Wash, which appears to be a local sole proprietorship without any partnership, corporate or other

17   business status.  Robert Wanchek is therefore the proper representative of Corning Truck Wash

18   upon whom to effect service of process.  *See, e.g., California Shellfish Inc. v. United Shellfish*

19   *Co.*, 56 Cal. App. 4th 16, 24 (1st Dist. 1997) ("[d]etermining the agent for service of process

20   upon a business entity is a simple process . . . if the business is a sole proprietorship, obtaining

21   the address of the owner").  A party asserting diversity jurisdiction must allege complete

22   diversity of citizenship.  The First Amended Complaint alleges that plaintiff is a citizen of Ohio,

23   and defendant Wanchek is a citizen of California, thus establishing the diversity of citizenship

24   required to support this court's jurisdiction pursuant to 28 U.S.C. § 1332(a).  *See, e.g., Owen*

25
26   [1]  This court's findings and recommendations filed August 13, 2008 remain pending for review by the district judge.

2

1  *Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) (diversity jurisdiction requires

2  that each defendant be a citizen of a different state from each plaintiff).

3        However, plaintiff has yet to demonstrate that he has effected service of process upon

4  defendants in accordance with the requirements of Fed. R. Civ. P. 4 (e),[2] which governs federal

5  service of process upon an individual.  "Before a federal court may exercise personal jurisdiction

6  over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice

7  of summons is the procedure by which a court having venue and jurisdiction of the subject

8  matter of the suit asserts jurisdiction over the person of the party served.' *Mississippi Publishing*

9

---

10        [2] Fed. R. Civ. P. 4 (e) ("Serving an Individual Within a Judicial District of the United
11  States") provides in pertinent part:

12        [A]n individual . . . may be served in a judicial district of the United States by:

13        (1) following state law for serving a summons in an action brought in courts of
    general jurisdiction in the state where the district court is located or where service
14  is made; or

15        (2) doing any of the following:

16              (A) delivering a copy of the summons and of the complaint to the
                individual personally;
17              (B) leaving a copy of each at the individual's dwelling or usual
                place of abode with someone of suitable age and discretion who
18              resides there; or
              (C) delivering a copy of each to an agent authorized by
19              appointment or by law to receive service of process.

20  California law provides for service of a summons upon "persons not otherwise specified" "by
    delivering a copy of the summons and of the complaint to such person or to a person authorized
21  by him to receive service of process." Cal. Civ. Proc. Code § 416.90(b).  If, after reasonable
    diligence, the summons and complaint cannot be personally delivered in accordance with
22  Section 416.90, substituted service is permitted as follows:  "[A] summons may be served by
    leaving a copy of the summons and complaint at the person's dwelling house, usual place of
23  abode, usual place of business, or usual mailing address other than a United States Postal Service
    post office box, in the presence of a competent member of the household or a person apparently
24  in charge of his or her office, place of business, or usual mailing address other than a United
    States Postal Service post office box, at least 18 years of age, who shall be informed of the
25  contents thereof, and by thereafter mailing a copy of the summons and of the complaint by
    first-class mail, postage prepaid to the person to be served at the place where a copy of the
26  summons and complaint were left. Service of a summons in this manner is deemed complete on
    the 10th day after the mailing." Cal. Civ. Proc. Code § 415.20 (b).

1   *Corp. v. Murphree*, 326 U.S. 438, 444-445 [] (1946). Thus, before a court may exercise personal

2   jurisdiction over a defendant, there must be more than notice to the defendant and a

3   constitutionally sufficient relationship between the defendant and the forum." *Omni Capital*

4   *Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987).

5          The First Amended Complaint includes a Proof of Service demonstrating it was served

6   by mail on defendant Robert Wanchek, at 5286 Filbert Court, Paradise CA 95969, on July 9,

7   2008, identified as Wanchek's home address in the amended complaint.  First Amended

8   Complaint, at 2:16-17.  But this merely begs the question of whether the original summons and

9   complaint were ever properly served.  Although it is generally adequate to serve by mail

10   pleadings filed after proper service of the summons and initial complaint, *see* Fed. R. Civ. P.

11   5(a)(1)(B), and (b)(2), plaintiff has not demonstrated that he properly served the latter.  No return

12   of service of the summons was ever filed.  The only relevant document of record is a Return of

13   Service attached to plaintiff's initial request for entry of default filed May 29, 2008, *see* Docket

14   Entry No. 12, p. 7, which indicates service of the summons and complaint was made

15   "personally" upon "defendant" at "5286 Filbert Court, Paradise CA 95969," on March 26, 2008

16   (although no name or title are given, we now know this to be defendant Robert Wanchek's home

17   address).  While this Return of Service appears adequate on its face, *see* n. 2, supra, it was not

18   separately filed,[3] as required by Fed. R. Civ. P. 4(l)(1) ("[u]nless service is waived, proof of

19   service must be made to the court . . . by the server's affidavit") and Local Rule 4-210(b) ("proof

20   of service of process shall be made by acknowledgment of the party served or by affidavit of the

21   person serving such process. . . . [and] shall be filed and served").

22          Even if this document had been filed, as required by the Rule, it still is not adequate to

23   show service of process in compliance with Rule 4.  The information contained within it is

24   inconsistent with plaintiff's statement in his Status Report filed three months earlier, on January

25

26          [3] This document includes a secondary notation indicating it may have been filed with
this court on August 6, 2007, as "Document 4," but no such entry is reflected in the docket.

4

10, 2008.  Plaintiff's status report states, without supporting documentation, that "service of process was completed on Corning Truck Wash on September 25, 2007.  It is believed service of process was completed on Robert Wanchek on September 21, 2007, however the man who was served at Corning Truck Wash refused to provide his name."  These representations do not satisfy the requirements for demonstrating service of process of the initial complaint and summons upon defendants, and the dates are so inconsistent with the above-noted unfiled Return of Service that the inconsistencies cast doubt on both.  Given these circumstances, this court is unable to conclude that service of process of the initial summons and complaint was ever effected on defendants or, therefore, that plaintiff's mere service by mail of the First Amended Complaint was adequate.

Valid service of process is indispensable to this court's assertion of personal jurisdiction over defendants.  Without adequate notice of this action, defendants cannot be held accountable for failing to defend it.  Rather, this court must be assured that defendants have made a deliberate choice to refrain from participating in this case before entertaining a motion for default judgment.

Consequently, plaintiff has still not satisfied the requirements for entry of a default judgment.  Plaintiff must either demonstrate that service of process has been completed in the manner prescribed Rule 4, or take steps necessary to effect service of process in the manner required by that rule.

Accordingly, it is hereby ORDERED that if plaintiff re-files a motion for default judgment, plaintiff shall submit documentation demonstrating adequate and timely service of process on defendants in a manner that complies with the requirements of Fed. R. Civ. P. 4 (e) and show how those requirements have been met.

////

////

////

5

Further, it is RECOMMENDED that plaintiff's motion for default judgment filed August 12, 2008 (Document No. 19), be denied, again without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 19, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE