IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY DOWNING,

Plaintiff, No. CIV S-07-1599 JAM EFB

vs.

ROBERT WANCHEK, CORNING TRUCK WASH,

Defendants. FINDINGS AND RECOMMENDATIONS

_______________________________/

On January 21, 2009, this court heard plaintiff's motion for default judgment and defendants' motion to set aside default. Attorney Nathaniel Potratz appeared on behalf of plaintiff. Brigitte Mayo appeared on behalf of the defendants. For the reasons set forth below, this court recommends that default be set aside and that this case proceed on the merits.

I. BACKGROUND

A. PROCEDURAL HISTORY

Plaintiff filed his initial complaint on August 4, 2007. He asserts causes of action for negligence, products liability, and "premises liability," based on injuries he sustained while using defendants' products to wash trucks at the defendants' place of business. On September 28, 2007, defendant Blue Beacon was voluntarily dismissed from the action, leaving Corning Truck Wash and Robert Wanchek the only remaining defendants. Dckt. No. 7.

On May 29, 2008, plaintiff requested the Clerk's entry of default which was entered as to both defendants on June 5, 2008. Dckt. No. 13. Plaintiff moved for default judgment on June 5, 2008, and set the matter for hearing on July 9, 2008. At the hearing, the court expressed concern with the failure of the complaint to adequately allege diversity of citizenship. The deficiency called into question this court's subject matter jurisdiction. Accordingly, the court directed plaintiff to file an amended complaint by July 18, 2008. Dckt. No. 15. Prior to the written findings and recommendations on the matter being issued on August 13, 2008, Dckt. No. 20, plaintiff filed an amended complaint, and again requested entry of default and moved for default judgment. Dckt. Nos. 16, 17 (which are duplicative), 18, 19. The Clerk, acting on that new request, again entered defendants' default on August 13, 2008. Dckt. No. 21. Coincidentally, that default was entered on the same day that the court filed its findings and recommendations concerning the original complaint.

On September 19, 2008, the court filed an Order and Findings and Recommendations on the new motion for default judgment, finding that the amended complaint adequately established this court's diversity jurisdiction, and recommending that plaintiff's motion for default judgment again be denied for failure adequately to demonstrate service of process. Dckt. No. 24. Both findings and recommendations were adopted on October 9, 2008. Dckt. Nos. 25, 26. On that same day, again coincidentally, plaintiff once more moved for default judgment and noticed the motion for hearing on November 12, 2008. Dckt. No. 27.

Prior to the hearing the court issued an order, filed November 5, 2008, directing plaintiff to be prepared at hearing to discuss the court's concerns regarding service of process, and to present all evidence supporting plaintiff's damages claim. Dckt. No. 29. The next day, November 6, 2008, the plaintiff requested that the hearing on his motion be postponed to January

////

////

////

7, 2009, because he was engaged in settlement negotiations with defendants.[1] Dckt. No. 30. Thereafter, on November 19, 2008, defendants filed a motion to set aside default, and set the matter for hearing on January 14, 2009. Dckt. Nos. 31, 32. The court set both matters for hearing on January 21, 2009. Dckt. No. 34.

B. <u>SERVICE OF PROCESS</u>

Service of process is procedural and therefore governed by federal law, even in a federal diversity action. *Hanna v. Plumer*, 380 U.S. 460 (1965). Fed. R. Civ. P. 4 (e)(2) provides that process may be accomplished by delivering a copy of the summons and complaint personally upon the defendant, by leaving the documents at defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by personal delivery upon an authorized agent. Fed. R. Civ. P. 4(e)(1) provides, alternatively, that process may be completed by following state law. California law provides for personal service of process, Cal. Civ. Proc. Code § 416.90(b), or, after reasonable diligence, substituted service by "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . at least years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20 (b). "Service of a summons in this manner is deemed complete on the 10th day after the mailing." *Id.*

Defendant Robert Wanchek is sued both in his individual capacity and "doing business as" defendant Corning Truck Wash, a sole proprietorship. Robert Wanchek is therefore the

---

[1] In her declaration, defendants' counsel, Ms. Mayo, states that she was retained by defendants' insurer, Travelers, on November 4, 2008, and spoke with plaintiff's counsel for the first time on the same date. Dckt. No. 31, Exh. A, Mayo Decl..

appropriate representative of Corning Truck Wash for service of process.  *See, e.g., California Shellfish Inc. v. United Shellfish, Co.*, 56 Cal.App.4th 16, 24 (1st Dist. 1997) ("[d]etermining the agent for service of process upon a business entity is a simple process . . . if the business is a sole proprietorship, obtaining the address of the owner").  The importance of this requirement is underscored by defendant Wanchek's representation that he sold Corning Truck Wash in May 2007.  *See* Decl. of Robert Wanchek, Dckt. No. 31, at p. 7; *see also* Decl. of James Hilton (manager of Corning Truck Wash until May 2007, then manger to date of the location's new business entity, Royal Truck Wash Tire and Lube), Dckt. No. 36, at p. 10.

Despite the briefing on this matter and plaintiff's repeated attempts to obtain a default judgment, plaintiff has yet to demonstrate service of process of the summons and complaint in accordance with the requirements of Fed. R. Civ. P. 4(e), pursuant either to federal or California law.

The First Amended Complaint includes a Proof of Service demonstrating service *by mail* on defendant Robert Wanchek, at 5286 Filbert Court, Paradise CA 95969, on *July 9, 2008*, identified as Wanchek's home address in the amended complaint.  Am. Compl., at 2:16-17.  Once *in personsum* jursidiciton has been acquired by service of process in the manner prescribed by Rule 4, service of subsequent pleadings by mailing or electronic filing is appropriate.  However, mailing a copy of an amended complaint is no substitue for completion of service of process to the summons and complaint.  Plaintiff has been given multiple opportunities to demonstrate the latter and has not done so.  No return of service of the initial summons and complaint was filed.  The only relevant document of record is a copy of a Return of Service that is attached to plaintiff's initial request for entry of default filed May 29, 2008.  *See* Docket Entry No. 12, p. 7.  It states that service of the summons and complaint was made "personally" upon "defendant" at "5286 Filbert Court, Paradise CA 95969," on *March 26, 2008.*  In addition to plaintiff's failure to ever separately file the Return of Service as required by E. D. Cal. L. R. ("Local Rule")  4-210(b) ("proof of service of process shall be made by acknowledgment of the

party served or by affidavit of the person serving such process. . . . [and] shall be filed and served") this purported copy of the unfiled Return of Service is facially in conflict with another document filed by the plaintiff. Plaintiff's Status Report filed three months earlier, on January 10, 2008, states without supporting documentation, that "service of process was completed on Corning Truck Wash on September 25, 2007. It is believed service of process was completed on Robert Wanchek on *September 21, 2007*, however the man who was served at Corning Truck Wash refused to provide his name." *See* Dckt. No. 17, at pp. 1-2 (emphasis added). These representations do not satisfy the requirements for service of process of the initial summons and complaint on either defendant, and the dates (Sept. 21 and 25, 2007) are so inconsistent with the above-noted unfiled Return of Service (asserting personal service of process on Mar. 26, 2008) as to cast doubt on all. This court is therefore unable to conclude that service of process of the initial summons and complaint was made upon defendants or, therefore, that plaintiff's service by mail of the First Amended Complaint was adequate.

Further undermining plaintiff's own conflicting statements regarding the details of service is defendant Robert Wanchek's declaration filed November 19, 2008. He states under penalty of perjury that he was never served with the Complaint or First Amended Complaint, and that he first became aware of this action only upon the October 10, 2008 receipt of plaintiff's August 12, 2008 request for entry of default and motion for default judgment. He recieved those documents by certified mail accepted by defendant's brother at defendant's home. Dckt. No. 31, at p. 7.

II. <u>ANALYSIS</u>

Federal Rule of Civil Procedure, 55(c) provides that a default may be set aside for "good cause." "Good cause" may be demonstrated by: (1) a sufficient excuse for not meeting the filing deadline; (2) a meritorious defense; or (3) lack of undue prejudice to the other party. *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969); *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986); *see also*, Tri-Continental Leasing Corp. v. Zimmerman, 485 F.

Supp. 495, 497 (N. D. Cal. 1980). "[T]hese factors are disjunctive," and the court may vacate entry of default "if any of the three factors is true." *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc*., 375 F.3d 922, 926 (9th Cir. 2004), quoting *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (internal quotations omitted).

Plaintiff's failure to meet his burden of demonstrating legally sufficient service of process in accordance with the requirements of Fed. R. Civ. P. 4(e), satisfies the "good cause" requirement for setting aside a default pursuant to Fed. R. Civ. P. 55(c). Obviously, absent proper service of process defendants had a compelling reason for failing to meet the deadline for filing a responsive pleading. It is fundamental that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.' *Mississippi PublishingCorp. v. Murphree*, 326 U.S. 438, 444-445 [] (1946)." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987). Absent a showing that a defendant has adequately been informed of an action, it is inappropriate to conclude that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Understandably, plaintiff is frustrated with the several unsuccessful attempts to obtain a default judgment. But there is no small irony to the plaintiff's predicament. It is not asking too much of a litigant to comply with the procedural requirements of Rule 4 for completion of service of process and the requirements for filing the Return of Service, as a precondition to a motion seeking to secure a judgment through default by a strict and mechanical application of the rules regarding the filing of an answer. Indeed, "[t]he law does not favor defaults, and any doubts as to whether a party is in default should be decided in favor of the defaulting party." 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2681 at 402-03 (2d ed. 1983)." *Marschauser v. Travelers Indem. Co.,*145 F.R.D. 605, 610 (S.D. Fla. 1992).


Accordingly, it is hereby recommended that the Clerk's entry of default as to each defendant be set aside, and that plaintiff's motion for default judgment be denied.

III. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to set aside default, Dckt. No. 31, be granted;

2. Plaintiff's motion for default judgment, Dckt. No. 27, be denied; and,

3. Defendants be given twenty (20) days to file and serve a responsive pleading to the amended complaint.[2]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 29, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court indicated to counsel at the hearing its intent to move the case forward and, to that end, inquired of defense counsel regarding her willingness to accept service so that the case could be scheduled. On January 28, 2009, counsel cordially filed a Notice and Acknowledgment of Receipt.