IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY DOWNING,

        Plaintiff,                      No. CIV S-07-1599 JAM EFB

        vs.

ROBERT WANCHEK, CORNING TRUCK WASH,

        Defendants.              <u>ORDER</u>

        On October 30, 2009, defendants filed a motion to compel a fully executed HIPAA form from plaintiff and for sanctions, and an application for an order shortening time on that motion. Dckt. Nos. 60, 61. Defendants contend that the executed HIPAA form "is necessary because a fully executed HIPAA form from plaintiff . . . is required in order for Defendants to take the deposition of a treating physician with respect to Plaintiff's alleged injuries in this case." Dckt. No. 61 at 1-2. According to defendants, the deposition of the treating physician is scheduled for November 9, 2009, and that date may be the only date that the physician is available for deposition prior to the February 3, 2010 discovery completion date, since the physician is in the Air Force and in residency training, and his "further availability for deposition is sporadic and uncertain." *Id.* at 2. Defendants therefore request that the court schedule the motion to compel

for hearing prior to Thursday, November 5, 2009. Dckt. No. 61-2 at 4.

Eastern District of California Local Rule ("Local Rule") 6-144(e) provides that "Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time [and] will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." In light of the deposition scheduled for November 9, 2009, and defendants' representations regarding plaintiff's failure to provide a fully executed HIPAA form, defendants' application for an order shortening time will be granted.

Accordingly, IT IS ORDERED that:

1. Defendants' application for an order shortening time, Dckt. No. 61, is granted.

2. Defendants' motion to compel a fully executed HIPAA form from plaintiff and for sanctions will be heard on Wednesday, November 4, 2009, at 10:00 a.m. in Courtroom No. 25.

3. On or before 2:00 p.m. on Tuesday, November 3, 2009, the parties shall file a Joint Statement re Discovery Disagreement ("Joint Statement"), providing (1) the specific disputed discovery category or item; (2) the response; (3) the moving party's position; and (4) the opposition.[1]

////

////

////

---

[1] The Joint Statement shall comply with the content requirements of Local Rule 37-251 set forth therein. The parties are reminded of the necessity of meeting and conferring in good faith, and attempting to resolve their discovery dispute prior to preparation of their Joint Statement. Failure of any party to do so or to use best efforts to ensure timely filing of the Joint Statement will be cause for sanctions. *See* Local Rule 37-251(d).

Privilege objections must comply with Federal Rule of Civil Procedure 26(b)(5). Except in extraordinary circumstances, the party claiming privilege may not submit a post-hearing privilege log. The failure to properly support a privilege objection with a privilege log may be deemed a waiver of that privilege objection.

1    4. In addition to filing the Joint Statement electronically in .pdf format, defendants shall
2 also submit the Joint Statement by email in Word or Word Perfect format to
3 efborders@caed.uscourts.gov by November 3, 2009, at 2:00 p.m.  The email subject line must
4 contain the words "Joint Statement," as well as the case number.
5    SO ORDERED.
6 DATED:  November 2, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE